■ In the Matter of PAUL LASKA and Another, Infants. DOROTHY M. LASKA, Appellant; JOSEPH LASKA, Respondent.— Appeal from an order of Children's Court, Schenectady County. The husband and wife have been engaged in a bitter matrimonial controversy which resulted, among other things, in the institution by the wife of an action for annulment on the ground of the husband's fraud in inducing the marriage. While this action was pending the husband instituted in the Children's Court this proceeding against the wife, alleging the neglect by the wife of the two children of the parties then aged six and eight years. The specific allegation of neglect by the mother was that on several occasions the children were kept out of the house by the mother overnight "without the father knowing of their whereabouts". There is adequate proof in the record which would impel the conclusion that the father on at least two occasions left the home for some period of time without taking the wife and children with him; that he treated the wife with physical brutality; and that on some occasions, at least, he failed to provide adequate food. The proof is that the mother has properly and adequately cared for the children; has properly fed and sheltered them and taken proper interest in their welfare and education. It would require very strong reasons directly affecting the welfare of the children to remove them to "the custody of their Father" but actually to the care of strangers as the Children's Court has done. In this sort of family situation the naked fact that the children were kept by the mother out of the house "without the father knowing of their whereabouts" would not be ground for taking the children away from the mother if some reasonable explanation were made by the mother to the court as to the causes for taking the children out of the home and the circumstances under which they were kept by her when out of the home. But on advice of her counsel the mother refused to give this explanation to the court. We think the court was entitled to know the circumstances; and that the advice of counsel in this respect was improvident and in error. The ground asserted by counsel for the advice was that the answer to the questions on this subject would have some undisclosed effect on the pending annulment action. The effect is not demonstrated in the record; nor is it easily to be seen how an action for premarital fraud could be even remotely affected by an explanation of the reasons the mother took the children out of the house. We think that in the light of our conclusions in this respect the mother ought to have an opportunity in a further hearing to make explanation to the court, if she so chooses. If the explanation is reasonable; and if it is clear to the court that the indications of intimacy by the mother with another man have terminated, we are of opinion that the children should be given to the custody of the mother rather than of strangers and adequate provision be made by the father for their support. It must be noted also that there are in the record rather strong intimations of the husband's intimacy with another woman. Order of the Children's Court reversed on the law and the facts and a new hearing directed. Until the determination of the Children's Court on the new hearing, the provisions for custody of the children made by the Children's Court shall temporarily continue and the provisions of the order of this court of July 31, 1956 as to visitation by the mother shall continue in effect. Upon any further appeal to this court probation reports shall be transmitted by the judge hearing the case. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.